UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

KINSALE INSURANCE COMPANY,

     Plaintiff

v.

DONALD MILLER, as Personal
Representative of the Estate of
JACQUELINE S. THOMAS, SABAL
SPRINGS HOMEOWNERS
ASSOCIATION, INC., and
ALLIANT PROPERTY
MANAGEMENT, LLC,

     Defendants.

## COMPLAINT FOR DECLARATORY RELIEF AND DAMAGES

KINSALE INSURANCE COMPANY ("Kinsale") files suit against SABAL

SPRINGS HOMEOWNERS ASSOCIATION, INC. ("Sabal Springs"), ALLIANT

PROPERTY MANAGEMENT, LLC ("Alliant"), and DONALD MILLER, as

Personal Representative of the Estate of JACQUELINE S. THOMAS (the "Estate"),

and alleges:

## NATURE OF ACTION

1.    This is an action for damages and declaratory relief under 28 U.S.C. §

2201 to determine there is no coverage for a claimant who died as the result of

being exposed to toxins and pollutants under a policy of insurance that includes an absolute Pathogen and Related Hazard Exclusion, an Absolute Pollution Exclusion, and a Prior Injury or Damage Exclusion.

## JURISDICTION AND VENUE

2.　This Court has jurisdiction under 28 U.S.C. § 1332 because there is complete diversity of citizenship and the amount in controversy exceeds $75,000 exclusive of interests and costs.

3.　Venue is proper in this district because the underlying exposure took place in this district, the underlying lawsuit is pending in this district, and otherwise, a "substantial part of the events … giving rise to the claim occurred" in this district. *See* 28 U.S.C. § 1391(b)(2).

4.　All conditions precedent occurred, have been performed, or were waived.

## THE PARTIES

5.　Kinsale is an Arkansas corporation with its principal place of business in Virginia. Kinsale is accordingly a citizen of Arkansas and Virginia. For purposes of this action, Kinsale is a surplus lines insurer that issued a commercial general liability policy to Sabal Springs.

6.      Under 28 U.S.C. § 1332(c)(2), the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent. At all relevant times, including at the time of her death, Jacqueline Thomas was domiciled in Lee County, Florida. The Estate is accordingly a citizen of Florida.

7.      Sabal Springs is a Florida corporation with its principal place of business in Seminole County, Florida. Sabal Springs is accordingly a citizen of Florida.

8.      Alliant is a Florida limited liability company. Alliant's members, John Spina, Millie Strohm, and John Strohm, are domiciled in Lee County, Florida and Polk County, Florida. Alliant is accordingly a citizen of Florida.

### THE TOXIN AND POLLUTANT EXPOSURE

9.      On 06/20/2025, the Estate filed suit against Sabal Springs and Alliant in circuit court in Lee County, Florida, in a lawsuit styled *Donald Miller, as Personal Representative of the Estate of Jacqueline S. Thomas, Deceased v. Sabal Springs Homeowners Association, Inc. and Alliant Property Management, LLC*, Case No. 25-CA-002791. (*See* Operative Complaint, which is attached as Exhibit "A.")

10.     According to the complaint, Miller and his wife, Thomas, were residents and members of the Sabal Springs HOA, which is located at 3410 Clubview Drive, North Fort Myers, Florida (the "Property"). (*Id*. at ¶13.)

11.     The Property was owned, maintained, and controlled by Sabal Springs, which hired Alliant to manage the Property. (*Id*. at ¶¶13, 29.)

12.     On 02/06/2023, "as the result of significant time spent" on the Property, Thomas began to feel sick and "experience symptoms of a potential lung issue." (*Id*. at ¶¶16, 31-32.)

13.     Two months later, on 04/27/2023, Thomas was diagnosed with a pulmonary disease from "mold and/or toxin exposure." (*Id*. at ¶¶17, 33.)

14.     On 06/22/2023, "Thomas passed away from her pulmonary disease, which was directly related to her mold and/or toxin exposure." (*Id*. at ¶¶18, 34.)

15.     The complaint alleges that due to various employees and residents complaining of "potential mold and/or toxin exposure issues … further mold and toxin testing was performed," which showed "elevated levels of mold and toxins, [including] aspergillus [and] penicillium." (*Id*. at ¶¶19-20, 35-36.)

16.     According to the complaint, Sabal Springs and Alliant breached their duties by, among other things, failing to properly maintain and examine the

Property, failing to warn Thomas of the condition, and failing to correct said condition. (*Id*. at ¶¶25, 41.)

17.     Furthermore, Miller suffered loss of support, companionship, and endured mental pain and suffering. (*Id*. at ¶¶27, 43.)

## THE KINSALE POLICY

18.     Sabal Springs applied for and purchased a commercial general liability policy as the Named Insured, bearing Policy Number 0100231671-0, and effective from 03/20/2023 to 03/20/2024 (the "Policy"). (*See* Policy, which is attached as Exhibit "B.")

19.     Before the Policy was issued and delivered to Sabal Springs, all forms and endorsements were disclosed to Sabal Springs in a Quote. (*See* Quote, which is attached as Exhibit "C.")

20.     Before the Policy was issued and delivered to Sabal Springs, all forms and endorsements were disclosed to Sabal Springs in a Binder. (*See* Binder, which is attached as Exhibit "D.")

21.     Kinsale is providing Sabal Springs with a defense in the underlying action under a complete reservation of rights, which Sabal Springs accepted.

22.     Alliant also seeks coverage under Sabal Springs' policy.

## COUNT I – NO COVERAGE UNDER THE
## PATHOGEN AND RELATED HAZARD EXCLUSION

23.    Kinsale incorporates paragraphs 1 through 22.

24.    The Policy includes an endorsement labelled "EXCLUSION – PATHOGEN AND RELATED HAZARDS" ("Pathogen and Related Hazards Exclusion") that provides:

**EXCLUSION – PATHOGEN AND RELATED HAZARDS**

**This endorsement modifies insurance provided under the following:**

**COMMERCIAL GENERAL LIABILITY COVERAGE**

**PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE**
The following exclusion is added to this Policy:

This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" arising directly or indirectly out of, related to, or in any way involving the inhalation of, absorption of, ingestion of, contact with, exposure to, existence of, or presence of any form of "pathogen and related hazards".

This exclusion applies, but is not limited to the following:

a.    Providing or failing to provide any supervision, instructions, recommendations, warnings, or advice related to any actual, alleged or threatened inhalation of, ingestion of, contact with, exposure to, existence of, or presence of any form of "pathogen and related hazards";

b.    Failure to provide an environment safe from "pathogen and related hazards" or the actual, alleged or threatened transmission to others;

c.    The prevention or suppression, or failure to prevent or suppress "pathogen and related hazards" or the actual, alleged, or threatened transmission to others;

d.    The reporting or failure to report to the proper authorities;

e.    The negligent hiring, employment, training, supervision, or retention of any insured, "employee", agent or other person with respect to a. through d. above; or

f.    Any loss, cost or expense arising out of, related to, or in any way involving any claim, "suit", request, or demand that any insured:

    (1)    Assess the presence, absence, amount, or effects of any "pathogen and related hazards"; or

    (2)    Identify, sample, test, monitor, clean up, remove, dispose of, or neutralize the effects of any "pathogen and related hazards" in any building, material, animal, or product, including but not limited to "your product"; or

    (3)    Respond to any "pathogen and related hazards" in any manner other than as described in (1) or (2) above.

This exclusion applies to any claim or "suit" regardless of whether any "pathogen and related hazards" is the initial precipitating cause or is in any way a cause of injury or damage and regardless of whether any other actual or alleged cause, event, material or product contributed concurrently, proximately, or in any sequence to such injury or damage, including whether any actual or alleged injury or

damage arises out of a chain of events that includes "pathogen and related hazards".

As used in this exclusion, "pathogen and related hazards" includes, without limitation:

a.    Fungus, including but not limited to any type of mold or mildew;

b.    Any protist, including but not limited to algae and slime mold;

c.    Any chemical matter, or compound produced or released by a fungus or protist, including but not limited to any mycotoxin, toxin, spore, scent, fragment, metabolites, or other by-product that is produced by a. or b. above;

d.    Any pathogen, including but not limited to virus, bacterium, prion, or protozoa or other microorganism;

e.    Any sexually transmitted disease, including but not limited to Acquired Immunodeficiency Syndrome or Human Immunodeficiency Virus, or exposure to another having the same, or to substances or materials contaminated with the same, or fear of contracting Acquired Immunodeficiency Syndrome, Human Immunodeficiency Virus, or any other communicable disease; or

f.    Any other infectious or contagious disease transmissible by direct contact with an affected individual or the individual's discharges or by indirect means.

Solely regarding **Coverage A – Bodily Injury and Property Damage Liability**, this exclusion does not apply to fungi or bacteria on, or contained in, a good or product intended for bodily consumption.

(*See* Ex. "B" at Form CAS3140 0320.)

25. The Policy includes an endorsement labeled "ADDITIONAL POLICY EXCLUSIONS," which includes a Duty to Defend exclusion that provides: "Where there is no coverage under the Policy, there is no duty to defend." (*Id*. at Form CAS3043 0621, Pg. 2/3.)

26. Sabal Springs and Alliant were sued over Thomas' death "related to mold and/or toxin exposure." (Ex. "A" at ¶¶17, 32.)

27. Accordingly, Kinsale has no duty to defend or pay damages under the Pathogen and Related Hazards Exclusion.

### COUNT II – NO COVERAGE UNDER THE ABSOLUTE POLLUTION EXCLUSION

28. Kinsale incorporates paragraphs 1 through 22.

29. The Policy includes an endorsement labeled "EXCLUSION – ABSOLUTE POLLUTION AND POLLUTION RELATED LIABILITY" ("Absolute Pollution Exclusion") that provides:

### EXCLUSION – ABSOLUTE POLLUTION AND POLLUTION RELATED LIABILITY

The following exclusion is added to this Policy. If the Policy already includes any pollution exclusion or pollution-related exclusion, all such exclusions are deleted and replaced with the following:

This insurance does not apply to any claim or "suit" for damages because of "bodily injury", "property damage", "personal and advertising injury", or any other injury, damage, or legal liability of any kind, arising directly or indirectly out of, related to, including, or in any way involving the actual, alleged, or threatened discharge, dispersal, seepage, migration, release, escape of, placement of, or presence of any "pollutant", however caused, including, but not limited to:

1.      Any loss, cost, expense, fine, or penalty arising out of any (i) request, demand, order, governmental authority or directive, or that of any private party or citizen action, that any insured or others test for, monitor, clean-up, remove, contain, treat, detoxify, or neutralize, or in any way respond to or assess the effects of any "pollutant"; or (ii) any litigation or administrative procedure in which any insured or others may be involved as a party as a result of actual, alleged, or threatened discharge, dispersal, seepage, migration, release, escape of, placement of, or presence of any "pollutant" into or upon any land, premises, building, the atmosphere, any water course, body of water, aquifer, or ground water, whether sudden, accidental, or gradual in nature or not, and regardless of when.

2.      The devaluation of property, or for taking, use, or acquisition, or interference with the rights of others in or on property or air space, or any other type of injury or expense.

This exclusion applies regardless of fault or intent, regardless of the particular cause of action or theory of liability, regardless of whether any "pollutant" is the initial precipitating cause or is in any way a cause, in the chain of events, and regardless of whether any other actual or alleged cause other than a "pollutant" contributed concurrently, proximately, or in any

other sequence to the "bodily injury", "property damage", "personal and advertising injury", or any other injury, damage, or legal liability.

The following definition is added to the Policy. If the Policy already includes a definition of "pollutants", such definition is deleted and replaced with the following:

"Pollutants" means any solid, liquid, gaseous, fuel, lubricant, thermal, acoustic, electrical, or magnetic irritant or contaminant including, but not limited to smoke, vapor, soot, fumes, odors, fibers, radiation, acid, alkalis, petroleums, chemicals, or "waste". "Waste" includes medical waste, biological infectants, and all other materials to be disposed of, recycled, stored, reconditioned, or reclaimed. …

(*See* Ex. "B" at Form ADF3003 0922, Pg. 1/2.)

30.    Sabal Springs and Alliant were sued over Thomas' death "related to mold and/or toxin exposure." (Ex. "A" at ¶¶17, 32.)

31.    Accordingly, Kinsale has no duty to defend or pay damages under the Absolute Pollution Exclusion.

## COUNT III – NO COVERAGE UNDER THE PRIOR INJURY OR DAMAGE EXCLUSION

32.    Kinsale incorporates paragraphs 1 through 22.

33.    The Policy includes an endorsement labeled "PRIOR INJURY OR DAMAGE EXCLUSION" ("Prior Injury Exclusion") that provides:

Page 11 of 14

## PRIOR INJURY OR DAMAGE EXCLUSION

This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" which begins or takes place before the inception date of this Policy or before the retroactive date of this Policy if claims-made coverage applies, regardless of whether or not such "bodily injury", "property damage" or "personal and advertising injury" is known to any insured. This exclusion shall apply even though the nature and extent of such damage or injury may change and even though the damage or injury may be continuous, progressive, cumulative, changing or evolving, and even though the "occurrence" causing such "bodily injury" or "property damage", or, the offense causing such "personal and advertising injury" may be or may involve a continuous or repeated exposure to substantially the same general harm or condition.

If you are a contractor, builder or developer the following also applies:

All "property damage" to units of or within a single project or development and arising from the same general type of harm or condition, shall be deemed to occur at the time of damage to the first such unit, even though the existence, nature and extent of such damage may change and even though the "occurrence" causing such "property damage" may be or involve a continuous or repeated exposure to substantially the same general harm or condition which also continues or takes place (in the case of repeated exposure to the substantially the same general harm or condition) during the policy period of this Policy.

(*See* Ex. "B" at Form CAS3043 0621, Pg. 1/3.)

34.     On 02/06/2023, Thomas "began to feel sick and experience symptoms of a potential lung issue." (Ex. "A" at ¶¶16, 32.) Thomas was "diagnosed with a

pulmonary disease … directly related to mold and/or toxin exposure," which eventually killed her on 06/22/2023. (*Id.* at ¶¶17-18, 33-34.)

35.     Thomas began to feel sick and experience symptoms of a potential lung issue nearly two months before the policy incepted, on 03/20/2023.

36.     Accordingly, Kinsale has no duty to defend or pay damages under the Prior Injury Exclusion.

### **RELIEF REQUESTED**

Kinsale respectfully requests that the Court:

a)     Take jurisdiction and adjudicate the rights of the parties under the policies.

b)     Declare the following:

   i.     Kinsale has no duty to defend or indemnify Sabal Springs or Alliant under the Policy's Pathogen and Related Hazards Exclusion;

   ii.     Kinsale has no duty to defend or indemnify Sabal Springs or Alliant under the Policy's Absolute Pollution Exclusion;

   iii.     Kinsale has no duty to defend or indemnify Sabal Springs or Alliant under the Policy's Prior Injury Exclusion;

   iv.     Kinsale is entitled to reimbursement of attorneys' fees and expenses incurred defending Sabal Springs because there is no coverage under the policies.

c)     Award Kinsale all costs to prosecute this action.

d) Award Kinsale any and all other relief as the Court deems just and proper under the circumstances.

Respectfully submitted,

/s/SINA BAHADORAN
**SINA BAHADORAN**
Florida Bar No. 523364
Sina.Bahadoran@clydeco.us
**SERGIO BUENO**
Florida Bar No. 112401
Sergio.Bueno@clydeco.us
**COLSEN CENTNER**
Florida Bar No. 1058625
Colsen.Centner@clydeco.us

Clyde & Co US LLP
1221 Brickell Avenue, Suite 1600
Miami, Florida 33131
T: 305.446.2646